IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PARREN SMITH | § | |
| VS. | § | CIVIL ACTION NO.  9:23-CV-45 |
| TDCJ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Parren Smith, a prisoner confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against TDCJ, TBCJ, J. Riley, A. Hope, J. Boglain, R. Knight, and C. Washington.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed a motion for a temporary restraining order and preliminary injunction.  This Report and Recommendation  considers the merits of the motion.

Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements:   (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).  Relief should be granted only if the party seeking relief has clearly carried the

burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

Plaintiff's complaint concerns allegations that the defendants are not properly processing his grievances. Plaintiff seeks injunctive relief preventing Defendants from interfering with his legal mail and grievances and preventing them from retaliating against him. These conclusory allegations are insufficient to establish a substantial threat of irreparable harm to Plaintiff if injunctive relief is not granted. There is no indication that Defendants' actions have interfered with Plaintiff's access to the courts. To the contrary, Plaintiff has been able to multiple documents in this action. As a result, his motion for injunctive relief should be denied.

<u>Recommendation</u>

Plaintiff's motion for a temporary restraining order and a preliminary injunction should be denied.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 30th day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge